UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BILLY ADAMS, WENDELL BELL, ANN COOKE, and LINETTE MCCAUL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  Case No.<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiffs, BILLY ADAMS ("Adams"), WENDELL BELL ("Bell"), ANN COOKE ("Cooke"), and LINETTE MCCAUL ("McCaul") (collectively referred to as "Plaintiffs") through their attorneys, on their own behalf and on behalf of all others similarly situated, bring this class action complaint and hereby allege the following against Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Defendant"):

**Nature of the Action**

1. This action is brought by Plaintiffs pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and seeks class-wide relief for unlawful and improper credit reporting procedures relating to credit disputes by consumers.

**Parties**

2. Plaintiff Adams is a natural person residing in Washington County, Brenham, Texas and is otherwise *sui juris*.

3. Plaintiff Bell is a natural person residing in Macon, Georgia.

4. Plaintiff Cooke is a natural person residing in Washington, D.C.

5. Plaintiff McCaul is a natural person residing in Hopatcong, New Jersey.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. ¶ 1681a(c).

7. Defendant is a limited liability corporation conducting business in every state and is headquartered in Atlanta, Georgia.

8. Defendant is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

9. Defendant regularly engages in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiffs, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

10. Defendant, at all relevant times, acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

11. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

12. Defendant conducts business in Texas and therefore personal jurisdiction is established.

13. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C § 1391(b) because Plaintiff Adams resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations Relating to Named Plaintiffs**

14. On or about April 17, 2020, Plaintiff Adams sent a letter to Defendant disputing various errors identified on his credit report.

15. Plaintiff Adams included his name, mailing address, date of birth, and last four digits of his social security number in the dispute letter to aid Defendant in identifying him.

16. Substantially similar letters were sent at the same time to the other major consumer reporting agencies—Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion")—which also provided Plaintiff Adams' name, mailing address, date of birth, and last four digits of his social security number.

17. Defendant responded to the Dispute Letter by sending Plaintiff Adams a boilerplate notice ("Notice"), indicating that Defendant could not locate his credit file and requesting he provide the following pieces of information: 1) complete name, 2) current and former address, 3) social security number, 4) date of birth, 5) either a paystub with complete social security number, W-2 form with a complete social security number, or a valid social security card, and 6) either a driver's license, rental/lease agreement/house deed, pay stub with address, or utility bill.

18. Further, the Notice stated in bold, "[a]gain, we need a total of two items – one item from each of the categories above [] – to process your request."

19. Despite its claim, Defendant had sufficient information to locate Plaintiff Adams' credit file with the information he provided—his name, mailing address, date of birth, and last four digits of his social security number.

20. In fact, Experian and TransUnion located Plaintiff Adams' credit file using the same information provided to Defendant—his name, mailing address, date of birth, and last four digits of his social security number—and responded to his dispute with the results of their

investigations.

21. On or about August 19, 2020, Plaintiff Cooke sent a letter to Defendant disputing various errors identified on her credit report.

22. Plaintiff Cooke included her name, mailing address, date of birth, and full social security number in the dispute letter to aid Defendant in identifying her.

23. In response to Plaintiff Cooke's dispute letter, Defendant responded with the same boilerplate Notice sent to Plaintiff Adams, which requested the exact information already provided by Plaintiff Cooke in addition to two documents from the provided list.

24. Despite its claim, Defendant had sufficient information to locate Plaintiff Cooke's credit file with the information she provided—her name, mailing address, date of birth, and full social security number.

25. On or about September 29, 2020, Plaintiff Bell sent a letter to Defendant disputing various errors identified on his credit report.

26. Plaintiff Bell included his name, mailing address, date of birth, and full social security number in the dispute letter to aid Defendant in identifying him.

27. In response to Plaintiff Bell's dispute letter, Defendant responded with the same boilerplate Notice sent to both Plaintiff Adams and Cooke, which requested the exact information already provided by Plaintiff Bell, in addition to two documents from the provided list.

28. Despite its claim, Defendant had sufficient information to locate Plaintiff Bell's credit file with the information he provided—his name, mailing address, date of birth, and full social security number.

29. On or about September 10, 2020, Plaintiff McCaul sent a letter to Defendant disputing various errors identified on her credit report.

30. Plaintiff McCaul included her name, mailing address, date of birth, and full social security number in the dispute letter to aid Defendant in identifying her.

31. In response to Plaintiff McCaul's dispute letter, Defendant responded with the same boilerplate Notice sent to Plaintiffs Adams, Cooke, and Bell, which requested the exact information already provided by Plaintiff McCaul, in addition to two documents from the provided list.

32. Despite its claim, Defendant had sufficient information to locate Plaintiff McCaul's credit file with the information she provided – her name, mailing address, date of birth, and full social security number.

33. Upon receiving each of Plaintiffs' dispute letters, Defendant was, pursuant to 15 U.S.C. § 1681i(a)(1)(A), required to re-investigate the disputes free of charge and either 1) record the current status of the disputed information, or 2) delete the disputed items from the files, within thirty (30) days of receiving notice from Plaintiffs.

34. Defendant failed to do a re-investigation, record the current status of the disputed information or delete the items from Plaintiffs' files, within thirty (30) days.

35. Rather, Defendant responded to Plaintiffs' disputes with the boilerplate Notice, wherein Defendant stated it could not locate Plaintiffs' files, it further requested additional burdensome documents, and it ultimately required Plaintiffs re-dispute all over again.

36. Pursuant to 15 U.S.C. § 1681i(a)(3)(A), a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer if the agency reasonably determines that the dispute is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.

37. Plaintiffs provided Defendant with reasonable and sufficient information in order

to locate their credit files.

38. Specifically, Plaintiffs provided, at a minimum, their name, mailing address, date of birth, and full or partial social security numbers.

39. The adequacy of this information is demonstrated, in part, by the fact that Experian and TransUnion were able to respond to Plaintiff Adam's dispute when provided with the same exact information, and the fact that Defendant itself requests the very same information in the Notice. The additional documents requested by Defendant do not provide any additional information not already provided by Plaintiffs.

40. Therefore, Defendant's failure to comply with 15 U.S.C. § 1681i(a)(1)(A) was unreasonable since the information provided by Plaintiffs was entirely adequate.

41. Defendant is using the provisions under § 1681i(a)(3)(A) as a guise to request an unreasonable amount of information from Plaintiffs and consumers in an attempt to reduce the number of disputes to which it must respond under the FCRA and thereby avoid operational costs and potential future liability to consumers like Plaintiffs.

42. As a result of Defendant's actions and overburdensome requests, Plaintiffs, along with potentially thousands of others, have failed to obtain adequate reinvestigation into inaccurate information on their credit files.

**Factual Allegations Relating to Defendant's Practices in General**

43. Defendant regularly and frequently receives dispute letters from consumers nationwide.

44. In their dispute correspondence, consumers frequently provide a subset of information to Defendant in order to aid Defendant in locating the correct consumer files.

45. This information includes, but is not limited to, names, addresses, dates of birth,

and full or partial social security numbers.

46. Defendant, despite being able to locate consumer files using the provided information, subsequently requires consumers, via a boilerplate Notice, to provide an unreasonable amount of personal information in order for them to continue to pursue the dispute process in the hopes that consumers fail to respond.

47. Defendant's actions have constructed an extra-statutory obligation and hurdle, not required by the FCRA, which it imposes on consumers in order to reduce the number of disputes to which it is required to respond under the FCRA and thereby avoid costs and liability in complying with the FCRA's obligations.

48. Defendant's actions have effectively and unreasonably placed a chilling effect on consumers' ability to seek redress and vindication under the FCRA, unless they respond to Defendant's patently unreasonable production demands.

## CLASS ALLEGATIONS

49. Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

50. The class consists of all individuals nationwide who within the last two years received the Notice from Defendant after sending dispute letters to Defendant which contained at a minimum, the consumer's name, address, date of birth, and full or partial social security number.

51. The class is so numerous that joinder of all members is not practical.

52. On information and belief, there are thousands of class members.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The common questions are:

    a. Whether Defendant unreasonably determines that, at a minimum, a name, address, date of birth, and full or partial social security number are insufficient to locate a consumer's credit file.

54. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in consumer protection litigation and the resources necessary to pursue class relief.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be an integral enforcement mechanism under the FCRA.

## FIRST CAUSE OF ACTION
## DEFENDANT VIOLATED THE FCRA *15 U.S.C. § 1681 et seq.*

57. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above.

58. Defendant's violations of the FCRA include, but are not limited to, the following:

    a. Defendant violated *§1681i(a)(1)(A)* of the FCRA by failing to reinvestigate free of charge and either 1) record the current status of disputed information or 2) delete the disputed information from Plaintiffs' files, after being reasonably notified by Plaintiffs of the incompleteness or inaccuracy of the information reported.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant on behalf of themselves and the class for the following:

59. Statutory damages of $1,000 for Plaintiff and each class member pursuant to 15 U.S.C. § 1681n(a)(1)(A);

60. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

61. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); and

62. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

63. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: January 6, 2021

By: /s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
E: AdamH@jlohman.com

Attorneys for Plaintiffs